**Phillip W. THORNTON, Plaintiff,**

v.

**Sheila KAPLAN; Joan M. Foster; R. Michael Brown; Virginia Parker; David Skougstad; Larry Lombard; Nancy T. Frontczak; James Fleming; Anne Steinbeck; Aimes C. McGuiness; John Roybal; Harriet Barker; George Brantley and Metropolitan State College of Denver, Defendants.**

**No. 95–WY–1520–AJ.**

United States District Court,
D. Colorado.

Dec. 20, 1996.

Paul Anthony Baca, Denver, CO, for Phillip W. Thornton.

Gregory A. Eurich, Holland & Hart, L.L.P., United States District Court, Denver, CO, William J. Higgins, Attorney General's Office, Tort Litigation Section, Denver, CO, Thomas J. Lyons, Cathy H. Greer, Hall & Evans, United States District Court, Denver, CO, for Sheila Kaplan, Joan M. Foster, Virginia Parker, David Skougstad, Larry Lombard, Nancy T. Frontczak.

William J. Higgins, Attorney General's Office, Tort Litigation Section, Denver, CO, Thomas J. Lyons, Cathy H. Greer, Hall & Evans, United States District Court, Denver, CO, for R. Michael Brown.

William J. Higgins, Attorney General's Office, Tort Litigation Section, Denver, CO, for James Fleming, Anne Steinbeck, Aims C. McGuinness, John Roybal, Harriet Barker, George Brantley, Metropolitan State College.

### ORDER DENYING DEFENDANTS' MOTION FOR REMITTITUR

ALAN B. JOHNSON, Chief Judge, sitting by designation.

The defendants' Motion For Remittitur, and the plaintiff's response in opposition, came before the Court for consideration. Following hearing held November 26, 1996, the Court, having considered the defendants' motion, and the materials filed in support and in opposition thereto, and being fully advised in the premises, FINDS that the defendants' motion for remittitur, should be DENIED for the reasons stated below.

## Contentions of the Parties

Defendants assert they are entitled to remittitur of the jury's award for compensatory damages—i.e., that the jury's award to plaintiff is not supported by substantial evidence. Defendants argue the award of $250,000.00 is excessive and inadequate, shocking the "judicial conscience and raising an irresistible inference that passion, prejudice or other improper cause invaded the jury." In their submissions, defendants cited to other cases in which a jury verdict was reduced and argue that the damages provided in this case do not justify an award in excess of $50,000.00.

The plaintiff has opposed the motion for remittitur. He suggests that the testimony at trial was clear regarding the issue of emotional distress, and other damages suffered by him as a result of the events giving rise to his case. He asserts that the jury's award is justified in light of the evidence at trial. Plaintiff asserts that there is no requirement that a person claiming damages, particularly for emotional distress, present expert testimony on such an issue and that the jury's award can be based solely on the testimony of the individual claiming such damages. He also offers citations to cases where jury awards for compensatory damages have been upheld.

## Discussion

■ In a Title VII case commenced after the 1991 amendments to the Civil Rights Act became effective, a prevailing plaintiff may be awarded compensatory damages. 42 U.S.C. § 1981a.[1] Federal standards govern the determination of damages under the federal civil rights statutes. *Garrick v. City and County of Denver,* 652 F.2d 969 (10th Cir.1981). Under federal law, a trial court's decision to grant or deny remittitur on the ground of an excessive damage award will be tested by an abuse of discretion standard. *Id.*

"[A]bsent an award so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate."

*Id.,* quoting *Barnes v. Smith,* 305 F.2d 226, 228 (10th Cir.1962). *See also Specht v. Jensen,* 832 F.2d 1516, 1528 (10th Cir.1987).

■ At trial, the jury was instructed that it could award plaintiff:

damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of the defendants' retaliation against plaintiff. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

It was also instructed that it could:

draw reasonable inferences as justified in light of your experience. Inferences are deductions or conclusions which reason or common sense lead the jury to draw from the facts established by the evidence.

After being so instructed and deliberating, the jury awarded plaintiff compensatory damages, for the following elements of damages: $11,730.00 for back pay to date of trial, and $250,000.00 for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff has also been awarded costs and attorney's fees.

Plaintiff presented evidence at trial, including but not limited to his own testimony, that he was denied tenure as a result of the

---

1. There is no dispute here that the jury's $250,000 award is within the applicable statutory cap for compensatory and punitive damages of $300,000.00. 42 U.S.C. § 1981a (b)(3).

protected activities giving rise to this lawsuit. Plaintiff testified to his own mental state, about the changes in life style suffered as a result of the denial of tenure and about other aspects, including loss of the enjoyment he derived from teaching at MSCD, the loss of income, his prospects for future employment in the academic community giving due consideration to the fact that it was an unaccredited college (MSCD) that denied him tenure, his humiliation, his stress, that he was clinically depressed and that he thought about this matter all of the time, his feelings of exclusion from the academic community, concerns about selling his home and leaving Denver, about his looming job search as a 54 year old white male embarking on a new career, and his fears of present and future financial difficulties. Plaintiff testified that he did go to the doctor once and was given a prescription but that he was concerned about taking such medications. Plaintiff also testified that he had had thoughts of suicide as a direct result of the events in question and the loss of his job and academic career at MSCD.

Plaintiff testified that he had applied for other employment since this lawsuit was filed for the reason that he hoped that this Court would find reinstatement an appropriate remedy in his case. His desire to return to teaching at MSCD was apparent. Plaintiff testified that he was a licensed certified public accountant in Arkansas, but that his license or certification had not been transferred to Colorado. He discussed his expectations to conclude his academic and working career at MSCD, and his hopes of retiring from that school, explaining that he anticipated his position at MSCD would be his last job before retirement at age 70. Plaintiff testified at the hearing on the post-trial motions that, since the trial, he had accepted work as a temporary with an accounting service. The plaintiff's testimony about how these events have impacted him was essentially uncontroverted.

In determining whether a jury award for compensatory damages is excessive, a court may review awards made in similar cases to determine whether or not an award is excessive and calls for an order of remittitur. This exercise has not proved especially helpful in this case, however, because courts have upheld or set aside jury verdicts in significantly differing amounts and in significantly different circumstances. Invariably, one could find a case to support nearly any award of damages in nearly any amount.

The parties have cited Tenth Circuit cases which they contend must govern disposition of this dispute. The Court has reviewed the cases, including *Wulf v. City of Wichita*, 883 F.2d 842 (10th Cir.1989) and *Fitzgerald v. Mountain States Telephone and Telegraph Company*, 68 F.3d 1257 (10th Cir.1995). In the opinion of this Court, those cases are distinguishable and do not require a remittitur of the jury's award of compensatory damages in this case.

*Wulf* involved a case where a plaintiff had been awarded $250,000 for mental anguish and distress. The circuit court found that award was excessive and not supported by substantial evidence. Plaintiff was a former city police officer who sued the city, city manager, and police chief after his termination and after having been awarded damages in the total amount of $702,642.956 ($250,000 for emotional distress, $242,465.95 for back pay, and $210,177.00 from pay in lieu of reinstatement). The plaintiff had been transferred from a high-ranking supervisory position in the police department to a position in the records department, and ultimately was fired for insubordination, as a direct result of his membership in the Fraternal Order of Police ("FOP") and his activities as a member of the FOP requesting investigation of alleged misconduct in the police department. The plaintiff's testimony in the case was that his job loss was very stressful, that he was angry, depressed, scared and frustrated, under tremendous emotional strain and experiencing significant financial difficulties. After being unable to find acceptable other police employment, plaintiff opened his own private investigation business. He testified at trial that he "possibly" would have continued to work another eight years after his pension would normally have vested. The circuit court remanded the case to the district court, after reviewing the evidence in plaintiff's case as to his damages and awards in comparable cases, for a reconsideration of damages and to enter an award not in excess of $50,000.00.

In *Fitzgerald*, each of the plaintiffs was awarded $250,000 in compensatory damages.

Their complaints arose out of comments made during diversity training sessions in which they had participated. These training sessions were characterized by the circuit court as "incendiary" and designed to tap the specific "hot button" issues involved in the case. The circuit court stated that it was "essential to place the training session in context. Plaintiffs were experienced diversity trainers; much of the testimony in this case concerns Plaintiffs' pedagogical criticisms of the training sessions, rather than racial discrimination." *Fitzgerald*, 68 F.3d at 1265–1266. It stated that "diversity training sessions generate conflict and emotion in hopes of fostering better communication and dissipation of conflict." *Id.* at 1266. In those circumstances, the circuit court determined that the evidence in the case was more often a "referendum on the citizenship of the participants, or the quality of the training session," rather than an effort to determine liability for racial discrimination in the awarding of contracts. *Id.* The circuit court stated that racial prejudice in the awarding of training contracts would support damages, but after reviewing the record in the case, the court determined that all damages awarded were a product of passion and prejudice and that the emotional distress damages were clearly excessive, where the awards were based solely on the testimony of the plaintiffs and they had continued to work in their chosen fields. A new trial on compensatory damages was awarded.

Numerous other cases confront the issue of whether damages are excessive so as to require remittitur or a new trial on the issue of damages. *Specht v. Jensen*, 832 F.2d 1516 (10th Cir.1987) is a case where an award of $235,000 in compensatory and punitive damages was found not to be excessive in a case brought against members of the city police department under § 1983 for damages arising out of an unlawful search of their home and office. Plaintiff presented evidence of damages through lay and expert testimony of Mrs. Specht's psychological injury and testi-

fied to their change in lifestyle and loss of their enjoyment in life—evidence which was largely undisputed at trial. The award was upheld. In *Berry v. Stevinson Chevrolet*, 804 F.Supp. 121 (D.Colo.1992), the district court awarded plaintiff damages in the amount of $250,000 for extreme emotional distress, suffering, embarrassment, humiliation, loss of reputation, standing in the community and other hardship the plaintiff had experienced as a proximate result of the defendant's retaliation.[2] The district court in *Hughes v. The Regents of The University of Colorado*, United States District Court for the District of Colorado, Civil Action No. 95–N–2057 (August 26, 1996), determined that a compensatory damage award to the plaintiff in the amount of $125,000 was excessive, where the plaintiff had been:

> fortunate enough to "bump" into a job which ... was equivalent to her old job in pay, hours, and benefits. She did not suffer the emotional distress which would be expected to accompany the loss of a job or a decrease in earnings, and her degree of stress was not severe as to require counseling or other professional treatment. For these reasons, I find that, although some award was proper based on this record, the award given by the jury was clearly excessive.

*Hughes v. The Regents of The University of Colorado*, United States District Court for the District of Colorado, Civil Action No. 95–N–2057 (August 26, 1996), at pages 10–11, and citing numerous cases.

In this case, the evidence of plaintiff's intangible damages was not solely limited to plaintiff's own testimony. Other evidence presented to trial could have had a direct bearing upon issues concerning plaintiff's losses and was evidence from which the jury could properly infer that intangible, compensable nonpecuniary losses had been suffered. By way of example, the testimony of plaintiff's colleagues would have supported a reasonable inference that plaintiff had suffered an injury to his professional standing, having

2. The district court's award of compensatory damages was reversed on appeal, in *Berry v. Stevinson Chevrolet*, 74 F.3d 980 (10th Cir.1996), finding that the 1991 amendments to the Civil Rights Act expressly providing for compensatory damages in Title VII case were not to be applied retroactively or available to the plaintiff in that case as an "equitable" remedy. The circuit court did not, therefore, provide any analysis of the district court's award of compensatory damages for emotional, intangible harms suffered by the plaintiff in that case.

been denied tenure, and having been denied the opportunity to seek tenure in an atmosphere that was not tainted by the events underlying plaintiff's claims. While there was little testimony from plaintiff as to physical manifestations resulting from his emotional harm, and none was required, the jury determined that his nonpecuniary losses were something other than merely feeling bad or enduring stress. Given the circumstances and the facts of this case, placed in the context of the academic environment, and considering that plaintiff will be foreclosed from seeking or obtaining tenure at MSCD at any time, the intangible losses he has suffered are significant. The award of the jury in this case is not so excessive or inadequate to shock the judicial conscience and raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial. Therefore, the Court finds the jury's determination of the fact should be considered inviolate and declines to grant the defendants' motion for remittitur in this case.

Accordingly, the defendants' motion for remittitur shall be DENIED. It is therefore

**ORDERED** that the defendants' Motion for Remittitur shall be, and is, **DENIED.**